Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

GINGER HAGEMAN,
KENT WOOD, and                          CAUSE NO. CV 06-45-M-LBE
CHRISTINE WOOD,

        Plaintiffs,       FINDINGS AND
                                        RECOMMENDATION
                                        OF U.S. MAGISTRATE JUDGE
  vs.

RICHARD GEBHARDT, Plains City Attorney;
CHIEF SHAWN EMMETT, Plains Police Dept.;
ERNEST CAHALA, Plains Police Officer;
JOE BROWN, County Coroner;
LAURIE SHARP, Deputy Coroner;
ROBERT ZIMMERMAN, Sanders County Attorney; and
GENE ARNOLD, Sanders County Sheriff,

        Defendants.
_____

Plaintiffs have filed a Motion For Default Judgment.  A default judgment can be entered in a two-step process which first requires the entry of default.  Fed. R. Civ. P. 55(a).  The default can only be entered if the evidence establishes a defendant "has failed to plead or otherwise defend" as required by the rules.  *Id*.  The default judgment can then be entered only after the default is entered.  Fed. R. Civ. P. 55(b)(1) and (2). *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999).  There has

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

been no entry of default by the Clerk of Court as to any Defendant in this case as required to support a default judgment. Therefore, default judgment cannot be entered.

Despite the absence of the entry of default, Plaintiffs argue default judgment is appropriate because Defendants have not timely responded to the filing and service of her Complaint. Plaintiffs filed their Complaint on March 21, 2006.  The Court's records do not show if or when summonses were issued.

A defendant is required to answer a complaint within 20 days after service of the summons and complaint, or if service of the summons and complaint has been timely waived under Fed. R. Civ. P. 4(d) then a defendant has to file an answer within 60 days of the date the request for waiver was sent to the defendant.  Fed. R. Civ. P. 12(a) and 4(d)(3).

The different time limits above for filing an answer correspond to what the rules permit as alternative methods of service by either personal service, or by acknowledgment and waiver of service signed by the defendant.  Fed. R. Civ. P. 4(c) and (d).  Personal service requires service of the summons and complaint by any person who is not a party to the action and is at least 18 years of age, which service may be effected pursuant to the laws of Montana.  Fed. R. Civ. P. 4(c)(1) and (e).  If such personal service is effected then proof of such service

shall be filed through an affidavit of the person effecting the service.  Fed. R. Civ. P. 4(l).

Plaintiffs argue Defendants were properly served when they received and signed for the certified mail delivery of the summons and complaint to Defendants on March 7 or 8, 2006. Plaintiffs argue such personal service by the U.S. Postal Service mail carrier was proper under Fed. R. Civ. P. 4(c).  However, in Montana proper personal service cannot be accomplished by merely mailing a copy of the summons and complaint to Defendants. *Blaskovich v. Blaskovich*, 815 P.2d 581, 582 (Mont. 1991). Furthermore, as required by Rule 4(l) above, Plaintiffs have not otherwise filed any proof of any personal service to establish when personal service was accomplished; there is no affidavit filed by any person who accomplished personal service.

Since proof of proper personal service does not exist, the Court will consider whether the alternative method of acknowledgment and waiver of service was effected in this case per Fed. R. Civ. P. 4(d).  Defendants Gebhardt, Emmett and Cahala assert no acknowledgment and waiver has been obtained from them, and Defendants Brown, Sharp, Zimmerman, and Arnold assert they have not received any acknowledgment and waiver of service. (Aff. of Norman Grosfield (May 3, 2006) at ¶ 3.)  Certainly the file does not reflect the filing of any acknowledgment and waiver of service by any Defendant.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

Based on the forgoing, it does not appear that service of the summons and complaint has yet been properly made on any Defendant. Nonetheless, Defendants Brown, Sharp, Zimmerman and Arnold filed their answer on May 15, 2006. None of the Defendants are in default, the entry of their default cannot be made, and a default judgment cannot be entered.

The Court hereby enters the following:

### RECOMMENDATION

Plaintiffs' Motion for Default Judgment should be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 22nd day of May, 2006.

 /s/ Leif B. Erickson  
Leif B. Erickson  
United States Magistrate Judge