FILED
MISSOULA, MT

2006 JUL 20 PM 5 46

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

Ginger Hageman,

        Plaintiff,

vs.

Richard Gebhardt,
(Plains Town Attorney)
Chief Shawn Emmet,
(Plains Police Department)
Ernest Cahala,
(Plains Police Officer)
Joe Brown,
(County Coroner)
Laurie Sharp,
(Deputy Coroner)
Robert Zimmerman,
(Sanders County Attorney)
        Defendants.

CV-06-09-M-DWM

ORDER

---

Ginger Hageman,
Kent Wood,
Christine Wood,

        Plaintiffs,

vs.

Richard Gebhardt,
(Plains Town Attorney)
Chief Shawn Emmet,
(Plains Police Department)

CV-06-45-M-DWM

-1-

```
Ernest Cahala,
(Plains Police Officer)
Joe Brown,
(County Coroner)
Laurie Sharp,
(Deputy Coroner)
Robert Zimmerman,
(Sanders County Attorney)
Gene Arnold,
(Sanders County Sheriff)
                        Defendants.
```

I.  **Overview**

This Order addresses Judge Leif B. Erickson's Findings and Recommendations from May 22, 2006 (dkt #15) and June 6, 2006 (dkt #22) in CV 06-45. Judge Erickson entered these Findings and Recommendations before CV 06-09 and CV 06-45 were consolidated on July 14, 2006. Plaintiffs objected to each Findings and Recommendation.

Because Plaintiffs timely objected they are entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000).

II. **Analysis**

   A.   **The May 2006 Findings and Recommendation**

Judge Erickson correctly recommended denying Plaintiffs' motion for default judgment. Hageman argues default judgment is warranted because Defendants did not timely respond to the filing and service of her Complaint. However, Hageman's use of the mail to serve Defendants does not suffice.[1] Hageman failed to serve

---

[1] The Rules require service of the summons and complaint by a person who is not a party to the action and is at least 18

Defendants under Federal Rules of Civil Procedure 4(c) and (e). Under Rules 4(c) and 12(a), if Hageman had complied with the dictates of personal service, Defendants would have had 20 days to respond. Instead, Rule 4(d) applies. Therefore the time to respond, 60 days, as set forth would apply if the serving party obtains a waiver of service.

Hageman contends Defendants were properly served when they received the Complaint and summons on March 7 or 8, 2006. Hageman argues this delivery constituted effective service because Defendants signed for receipt of the certified mail delivery of the summons and complaint. She asserts the United States Postal Service effected personal service upon Defendants pursuant to Rule 4(c). That is not valid. In Montana the Post Service is not an avenue for effective personal service. *See Blaskovich v. Blaskovich*, 249 Mont. 248, 815 P.2d 581 (1991). Hageman has not otherwise established how she personally served Defendants—among other things, she has not filed an affidavit demonstrating compliance.

Upon review, Defendants have not been served in compliance with Rule 4(d) either. Gebhardt, Emmett, and Cahala contend they have not given an acknowledgment or waiver of service. Brown, Sharp, Zimmerman, and Arnold assert they have not received a

---

years of age. That person must subsequently submit an affidavit affirming proof of service pursuant to Rule 4(l).

request for waiver.  The file supports these contentions.
Consequently, Plaintiffs have not properly served any of the
Defendants.  Despite this fact, Brown, Sharp Zimmerman, and
Arnold filed their Answer on May 15, 2006.  In any event, none of
the Defendants are in default.

Plaintiffs objected, stating that a Post Service courier
does comply with the rules, but that is simply not the case.
Plaintiffs should understand they are proceeding *pro se*, which is
their constitutional right; however, as *pro se* litigants
Plaintiffs may not fully understand the rules and laws that
apply.  Nonetheless, Plaintiffs will be required to abide by
those rules and laws.

### B.   The June Findings and Recommendation

Hageman also sought an entry of judgment because as she
avers, Defendants did not timely answer where they failed to
answer in their individual capacities.  Judge Erickson's
recommendation for denial is on the mark.

Hageman thinks that because Defendants answered in their
official capacity, they have not answered in their individual
capacities.  While Defendants may be represented by attorneys who
are associated with Defendants due to Defendants' official
capacities, that does not mean those attorneys do not represent
Defendants individually as well.  Indeed, as Judge Erickson
noted, their Answers address all aspects of the claims filed.

-4-

Hageman is in error.

In this instance Hageman objected, stating that as a tax payer she should not be providing the funds that may contribute to the defense of Defendants. This point has no merit in the question before the Court. She further contends that she did not consent to Magistrate Judge Erickson. That is correct, but the Court referred the case to Judge Erickson with the condition that it would rule on Judge Erickson's Findings and recommendation.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendations are adopted in full.

IT IS FURTHER ORDERED that Plaintiffs' motion for default judgment (dkt #7) is DENIED; and

IT IS FURTHER ORDERED that Plaintiffs' motion for entry of judgment (dkt #19) is DENIED.

DATED this 20th day of July, 2006.

Donald W. Molloy, Chief Judge
United States District Court